(90 South. 39)

### ROBERSON v. STATE.  (8 Div. 741.)

(Court of Appeals of Alabama. April 19, 1921.)

1. Criminal law ⟝260(13) — Complaint held not a departure from affidavit filed in lower court.

A complaint filed by the solicitor in the circuit court, charging that defendant sold, offered for sale, kept, or had in his possession for sale, prohibited liquors or beverages, and had within 12 months had in his possession a quantity of prohibited liquors or beverages, held not a departure from the affidavit filed in the county court.

2. Criminal law ⟝829(3) — Instruction covered by charge given properly refused.

A requested written charge that defendant must be acquitted of violating the prohibition law, unless the jury believe that the liquor found was the liquor charged as being the defendant's, which was substantially covered by the court's oral charge and a written charge, which was given, was properly refused.

3. Criminal law ⟝815(4) — Instruction properly refused where portion is left out.

On a trial for violating the prohibition law, a charge that "the fact that the defendant jumped out of the buggy with a bundle, and unless you believe from the evidence that the bundle was the jug found as being the liquor of the defendant, your verdict must be for the defendant," is properly refused, as its meaning is not clear, a portion having evidently been left out.

Appeal from Circuit Court, Marshall County; W. W. Harralson, Judge.

John Roberson, alias John Robertson, was convicted of violating the prohibition law, and he appealed. Affirmed.

The affidavit, omitting formal charging part, alleges that John Roberson, subsequent to January 25, 1919, sold, offered for sale, kept or had in possession for sale, bartered, exchanged, or otherwise disposed of prohibited liquors or beverages, and, second, that John Roberson had in his possession or under his control, subsequent to January 25, 1919, an amount of prohibited liquors or beverages prohibited by law. The complaint filed by the solicitor charges, first, that within 12 months before the commencement of this prosecution John Roberson sold, offered for sale, kept or had in his possession for sale, bartered, exchanged, furnished at a public place or elsewhere, or otherwise disposed of prohibited liquors or beverages; second, same allegation as above, except that it alleges the acts complained of to have happened within 12 months, and since January 25, 1919; third, that John Roberson, since January 25, 1919, and within 12 months before the commencement of this prosecution, had in his possession a quantity of prohibited liquors or beverages.

The following are the charges refused to the defendant:

(1) Unless you believe from the evidence that the jug of liquor found was the liquor charged as being the defendant's, your verdict must be for the defendant.

(2) The court charges the jury that the fact that the defendant jumped out of the buggy with a bundle, and unless you believe from the evidence that the bundle was the jug found as being the liquor of the defendant, your verdict must be for the defendant.

John W. Brown, of Boaz, for appellant.

The court erred in failing to strike the complaint. 165 Ala. 107, 51 South. 357; 16 Ala. App. 138; 16 Ala. App. 508, 79 South. 269; 17 Ala. App. 402, 86 South. 163.

Harwell G. Davis, Atty. Gen., and Lamar, Field, Asst. Atty. Gen., for the State.

The cases cited by the appellant demonstrate the correctness of the ruling of the court.

---

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

MERRITT, J. The appellant was convicted in the circuit court of Marshall county for a violation of the prohibition laws, on appeal from the county court, and a fine was assessed against him by the jury; the judge adding additional punishment of hard labor.

[1] The complaint filed by the solicitor in the circuit court was not a departure from the affidavit filed in the county court; the first count of the complaint or affidavit in the county court being practically the same as the first and second counts of the complaint filed in the circuit court.

[2] Refused written charge 1 was substantially covered by the court's oral charge and the given written charge.

[3] There was no error in refusing written charge No. 2. Its meaning is not clear; a portion thereof evidently being left out.

There is no error in the record, and the judgment appealed from is affirmed.

Affirmed.